### EBENEZER SAWYER *versus* JEFFERSON BANCROFT

An action in which the *ad damnum* was laid at a sum over 100 dollars, was com·
menced before the enactment of the Revised Statutes. At a trial in the Common
Pleas after those statutes had gone into operation, the plaintiff recovered a sum
less than 100 dollars. The defendant appealed, and in this Court the plaintiff
recovered a less sum than in the Common Pleas. It was *held*, tha the plaintiff
was entitled to tax his costs according to the law as it existed before the Revised
Statutes were passed.

THIS action was commenced on the 25th of May, 1835, and was entered and was pending in court before the Revised Statutes were enacted. The *ad damnum* was laid at more than $100. At the December term 1836, of the Court of Common Pleas, which was after the Revised Statutes had taken effect, the plaintiff recovered judgment for $68·28 damage, and costs of suit. From this judgment the defendant appealed, and at April term 1838, of this Court, the plaintiff recovered judgment for $35 damage ; and he took out execution for that sum as damage, and full costs of this Court. The defendant moved that the execution might be brought into court and surrendered up, and the defendant be allowed his legal costs in this Court.

*Jan. 23d, 1839, at Boston.*

*Wentworth*, in support of this motion, contended that the question of costs must be governed by the Revised Statutes. Revised Stat. *c.* 121, § 6, 7, 8, 9 ; *Billings* v. *Segar*, 11 Mass. R. 340 ; *Freeman* v. *Moyes*, 1 Adolph. & Ellis, 338 ; *Pickup* v. *Wharton*, 4 Tyrwh. 221 ; *Bickford* v. *B. & Lowell Railroad Corp.*, *ante*, 109 ; *Valentine* v. *Boston*, 20 Pick. 202.

*Farley, Knowles* and *Locke*, for the plaintiff, contended that on general principles, the provision in Revised Stat. *c.* 121, § 9, must be construed to be a rule for *future* cases ; that it affects the *right*, and not the remedy merely ; that the plaintiff had a vested right to costs as taxed ; that the appeal was the act of the defendant, and the case was in a course of proceeding which made it necessary for the plaintiff to go on ; that the plaintiff, when he commenced his action, knew he would be entitled to costs under the circumstances of this case, as the law then stood  and if he had supposed that he would be

liable to pay costs to the defendant, he might not have brought his action or might have brought it in a different form. *St.* 1820, *c.* 79, § 4 ; *St.* 1822, *c.* 105 ; *St.* 1784, *c.* 28, § 9 ; *Dash* v. *Van Kleeck*, 7 Johns. R. 502 ; *Couch* v. *Jeffries*, 4 Burr. 2460 ; *St.* 1838, *c.* 165, § 2.

But further, the legislature have provided expressly that the repeal of the previous statutes shall not affect " any act done, or any right accruing or accrued or established, or any suit or proceeding, had or commenced in any civil case, before the time when such repeal shall take effect." Revised Stat. *c.* 146, § 3, 5 ; *Bradstreet* v. *Clarke*, 4 Wendell, 211 ; *The People* v. *Supervisors of Columbia*, 10 Wendell, 365 ; *Van Rensselaer* v. *Livingston*, 12 Wendell, 490.

SHAW C. J. delivered the opinion of the Court. In the present case, the plaintiff commenced his action ·before the Revised Statutes went into operation, and laid his *ad damnum* at a sum over $100. The action was tried in the Court of Common Pleas, after the Revised Statutes went into operation, the plaintiff recovered a sum less than $100, and the defendant appealed.· On a trial in this Court, the plaintiff recovered a less sum than at the trial in the Court of Common Pleas.

By the Revised Statutes, *c.* 121, § 6, 9, if they are to govern, the plaintiff would not be entitled to full costs, but the defendant would be entitled to costs after the appeal. By the law as it stood before the Revised Statutes, the plaintiff in this event would be entitled to costs. The action being brought before the Revised Statutes took effect, and the appeal being taken after, the question is, which rule shall govern. This depends upon the construction of the repealing and saving clauses of the Revised Stat. *c.* 146, § 5.

The question what is a vested right, and what a mere regulation of the proceedings, is often a difficult one, and the present case is not free from doubt.

As the right of appeal depends on the *ad damnum*, which is fixed at the will of the plaintiff, and as the question of costs depends upon the recovering more or less in a case where the *ad damnum* is over $100, the Court are of opinion that the right to recover, and the liability to pay costs, depend upon the act done before the Revised Statutes were passed. As no

act was done or step taken by the plaintiff after the Revised Statutes passed, affecting this question, the Court are of opinion that the costs have been rightly taxed, according to the law as it existed before the Revised Statutes were passed, when the action was brought. This rule, we think, will but carry into effect the intent of the legislature.

*Motion to disallow the plaintiff costs, and to tax costs for the defendant, overruled.*